UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APEX TOOL GROUP, LLC,

        Plaintiff,

                                      CASE NO. 15-CV-10059
v.                                    HONORABLE GEORGE CARAM STEEH

WILLIAM WESSELS,

        Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO ADJOURN JULY 15, 2015 HEARING AND MOTION FOR
<u>COURT TO ISSUE CASE MANAGEMENT ORDER (DOC. #23)</u>

Plaintiff Apex Tool Group, LLC ("Apex" or "plaintiff") filed this action alleging that defendant William Wessels, plaintiff's former employee, breached his employment contract and misappropriated trade secrets in connection with his current employment for plaintiff's competitor, AMT-Alfing Corporation ("Alfing"). At the same time the complaint was filed, plaintiff filed an ex parte motion for a temporary restraining order ("TRO") and preliminary injunction. (Doc. #2). After defendant was served with the summons and complaint, the court held a hearing to address the motion. The court denied plaintiff's request for a TRO, but allowed for expedited discovery relating to plaintiff's request for a preliminary injunction. (Doc. #13). The motion for preliminary injunction remains pending. A hearing to address plaintiff's motion for preliminary injunction is currently scheduled for July 15, 2015. Before the court is defendant's motion to adjourn the hearing and to consolidate plaintiff's request for injunctive relief with a trial on the merits. (Doc. #23).[1] Defendant also asks the court

---

[1] Because the preliminary injunction hearing is scheduled for July 15, 2015, defendant requests expedited consideration of the pending motion. Given this, and after review of the parties' papers, the court deems this matter appropriate for decision

to issue a case management order setting the matter for trial in Fall 2015. For the reasons explained herein, defendant's motion will be denied and the July 15, 2015 preliminary injunction hearing will occur as scheduled.

## I. BACKGROUND

Plaintiff "is one of the largest manufacturers of professional tools in the world, serving the industrial, vehicle service and assembly, aerospace, electronics, construction and serious DIY markets." (Compl. ¶ 8). From 2000 until 2003, and again from 2005 until his resignation in 2014, defendant worked as an account manager in the MVI division for plaintiff and its predecessor, Cooper Tools. (*Id.* ¶ 16). By 2011, defendant was promoted to the position of global key account manager for plaintiff's "key account." (*Id.* ¶ 19). He remained in this position until his resignation.

In connection with his employment with plaintiff and its predecessor, defendant signed multiple employment agreements, including confidentiality agreements and non-solicitation agreements. When plaintiff learned that defendant was considering employment with its competitor, Alfing, in September 2014, plaintiff offered defendant an increase in his base compensation to encourage him to remain employed with plaintiff. In exchange, defendant reaffirmed his confidentiality and non-solicitation obligations. (*Id.* ¶ 23). Relevant here, defendant agreed that, for a period of twelve months following the termination of his employment relationship with plaintiff, he would not:

> . . . solicit or participate in soliciting any person, company, or entity to purchase or contract for products or services competitive with or similar to products or services offered by, developed by, designed by or distributed by [plaintiff]. . . .

---

without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

> . . . offer, provide or sell or participate in offering, providing, or selling, products or services competitive with or similar to products or services offered by, developed by, designed by or distributed by [plaintiff]. . . .
>
> . . . participate in the planning, research or development of any products or services, competitive with products or services of the [plaintiff]. . . .
>
> . . . utilize or reveal confidential contract or relationship terms with any vendor or customer used by or served by the [plaintiff]. . . .
>
> . . . . interfere with or assist any third party in interfering with, the relationship of the [plaintiff] with any vendor. . . .

In addition, defendant agreed not to use or disclose any trade secrets and confidential information of plaintiff.

Defendant submitted his formal resignation to plaintiff on November 18, 2014. Less than two months later, in January 2015, plaintiff filed this action alleging that, upon his termination of employment with plaintiff, defendant violated his post-employment restrictive covenants, and that he continues to violate the covenants. To support these allegations, plaintiff contends that, on December 15, 2014, defendant met with a decision maker for plaintiff's key account while employed by his new employer Alfing. Despite the fact that defendant worked almost exclusively with key account personnel while employed for plaintiff, at the December 15 meeting defendant allegedly discussed a solution for a project plaintiff is attempting to secure. Plaintiff contends that this communication with a key account decision maker violates defendant's restrictive covenants. (Compl. ¶ 56).

As explained above, on January 8, 2015, the same day the complaint was filed, plaintiff filed a motion for a TRO and preliminary injunction. After a hearing, the court ruled only on the TRO (denying the motion); however, the court granted limited discovery to address the request for preliminary injunction that remains pending (Doc. #2).

Initially, plaintiff's motion for preliminary injunction only cited defendant's meeting with a decision maker of plaintiff's key account as grounds for obtaining preliminary injunctive relief. However, plaintiff contends that the limited discovery to date has revealed even more to show that irreparable harm will continue absent a preliminary injunction. For example, plaintiff argues that discovery has shown that, despite defendant's affirmation under oath that he was not in possession of plaintiff's pricing files or trade secret information, an independent forensic review of plaintiff's Apex computer showed that he accessed pricing files on his last day of employment with Apex through a portable storage device. In addition, defendant has now admitted that he is in possession of multiple storage devices used when he was employed by plaintiff. Moreover, as recently as June 2015, defendant has admitted to deleting approximately 10-20 files from one of the storage devices, purportedly because defendant believed the files were confidential.

## II. ANALYSIS

Defendant seeks to adjourn the July 15, 2015 preliminary injunction hearing and to consolidate plaintiff's request for preliminary injunctive relief with a trial on the merits. In addition, defendant seeks a scheduling order providing for an August 2015 discovery cutoff with trial scheduled for Fall 2015. Relying on Rules 1 and 65(a)(2) of the Federal Rules of Civil Procedure, defendant argues that the passage of time (6 months) since plaintiff requested preliminary injunctive relief shows that "there is little if any risk of 'immediate, irreparable harm' absent issuance of an injunction." Def's. Mot. at 5. This argument fails to persuade the court that the request for a preliminary injunction should be consolidated with a trial on the merits.

First, the passage of time is due, in part, to the fact that the court granted limited discovery to plaintiff prior to holding a preliminary injunction hearing. And according to plaintiff, the discovery to date has further supported its position that defendant continues to violate his post-employment restrictive covenants. A preliminary injunction hearing is necessary to determine whether plaintiff will suffer irreparable harm prior to trial on the merits.

Second, the schedule defendant proposes in support of his request to consolidate is ambitious and unlikely to occur. Currently, there are three motions pending related to discovery:

Plaintiff's motion to compel (Doc. #21)

Defendant's motion to compel (Doc. #25)

Non-party Alfing Corporation's motion for protective order (Doc. #28)

It is unlikely that the discovery motions will be resolved by the time defendant proposes discovery to be completed and trial scheduled. Moreover, defendant's proposed schedule does not account for the time necessary to address dispositive motions, if filed. Therefore, judicial economy does not favor consolidating the request for a preliminary injunction with trial on the merits.

Defendant argues that there is no risk of imminent, irreparable harm to plaintiff absent preliminary injunctive relief. That may be true. However, plaintiff is entitled to a preliminary injunction hearing and a court determination whether there is a risk of irreparable harm absent a preliminary injunction. The evidence cited by plaintiff in its response to defendant's motion warrants a hearing to determine the extent of the alleged ongoing harm plaintiff suffers.

Defendant also contends that the status of discovery supports consolidating the request for a preliminary injunction with trial on the merits.  Defendant argues that, in light of the discovery disputes, "it would seem that putting the Court and parties through a hearing, only for counsel to claim that he needs yet more information, would be a vain and wasteful endeavor."  Def.'s Reply Br. at 3.  The court disagrees that the ongoing discovery disputes favors consolidation.  While plaintiff complains that it has not received discovery it is entitled to, it is fully prepared to participate in a preliminary injunction hearing on the evidence obtained to date.  The fact that further discovery may be necessary before trial does not affect the pending request for preliminary injunctive relief.  Indeed, it supports moving forward with the preliminary injunction hearing prior to trial on the merits.

In short, while it is not clear whether plaintiff is entitled to preliminary injunctive relief, plaintiff is entitled to an evidentiary hearing prior to trial based on the evidence obtained to date.  For the reasons explained above, the preliminary injunction hearing will not be consolidated with trial on the merits, and the July 15, 2015 hearing date will remain.  A scheduling conference will take place following the court's decision on the preliminary injunction request.

### III. CONCLUSION

For the reasons explained above, defendant's motion to adjourn the July 15, 2015 hearing and for the issuance of a case management order is DENIED.

IT IS SO ORDERED.

Dated:  July 1, 2015

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 1, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk